Richard HEINRICH, Plaintiff
and Appellant,

v.

Gottlieb MARTIN, also known as G. S.
Martin, and Frieda Martin, De-
fendants and Respondents.

No. 8213.

Supreme Court of North Dakota.

April 22, 1965.

Max A. Wishek, Ashley, for plaintiff and appellant.

Robert Chesrown, Linton, and Kretschmar & Kretschmar, Ashley, for defendants and respondents.

STRUTZ, Judge.

The defendants are the owners of certain real estate located in McIntosh County, North Dakota. The plaintiff brings this action for specific performance of an alleged contract to sell the land, basing the cause of action on a memorandum, a letter, and partial performance. The defendants raise a number of defenses, including the defense of statute of frauds, alleging that, since the so-called contract is one for the sale of real estate, it is within the provisions of the statute of frauds and not enforceable because there is no sufficient memorandum to take the transaction out of the statute, nor is there any evidence of partial performance sufficient to satisfy the legal requirements of the statute.

The case was tried to the district court of McIntosh County. The court held for the defendants on the ground that there was an insufficient memorandum and insufficient evidence of partial performance to take the transaction out of the statute of frauds. From the judgment entered dismissing the plaintiff's complaint, the plaintiff has appealed, demanding a trial de novo.

The first question for consideration is whether the memorandum relied upon, including the correspondence between the parties, is sufficient to constitute a valid contract of purchase and sale of real estate under our law. It is undisputed that Gottlieb Martin listed the land in question for sale with one J. F. Schneider, a real estate broker. The listing agreement, which the defendant Martin admits signing, was dated, and it listed, among other things, the total acreage, the number of acres under cultivation, the sale price per acre, the required down-payment, and the manner in which the balance due should be paid. Nowhere in the listing agreement was the broker given any authority to enter into a contract of sale of the land with any prospective buyer.

After such listing, the broker sought a buyer and, almost one year after the date on the listing agreement, he interested the plaintiff in the defendants' land. It is agreed that the defendant Gottlieb Martin did not sign any memorandum or other writ-

ing by which he contracted to sell the land to the plaintiff, but he did write a letter to the plaintiff, agreeing to sell the land to him under certain definite terms and conditions. He also orally told the broker to get the plaintiff to issue a check to the broker and one to the defendant for a part of the downpayment to "close the deal." It is the listing agreement which the defendant signed, the defendant's letter to the plaintiff offering to sell the land, and the request for and delivery of such check, that form the basis for the plaintiff's cause of action.

Section 9–06–04, North Dakota Century Code, provides that certain contracts are invalid unless the contract, or some note or memorandum thereof, is in writing, signed by the party to be charged, or by his agent. Among the contracts that are thus declared to be invalid are agreements for the sale of real property. This section further provides that, if such agreement is made by an agent of the party to be charged, the authority of the agent must be in writing, signed by the party sought to be charged.

■ Thus a real estate broker, with whom lands are listed for sale by an owner, has no authority to make a contract for sale which is binding on the owner in the absence of written authority, signed by the owner. Any writing which plaintiff might have received from the broker, as defendants' agent, would not be binding on the defendants since the broker had no such written authority.

■ The listing agreement, which the defendant Gottlieb Martin admits having signed and delivered to the broker, is not an agreement to sell the land to the plaintiff. It is merely a written memorandum, signed by the owner, authorizing the broker to secure a buyer for the land. As this court has held, a real estate broker with whom land is listed does not have the power to make a binding contract for sale of such land unless the broker has written authority to make such contract, as required by Section 9–06–04, North Dakota Century

Code. Queen City Lumber Co. v. Fisher (N.D.), 111 N.W.2d 714. A writing, signed by an owner, which merely lists the land for sale is not sufficient to satisfy the provisions of the statute of frauds and empower the prospective buyer to force the owner to convey the property to him.

The plaintiff contends that this memorandum, which is a listing of the land with the broker, is further bolstered by a letter written by the defendant to the plaintiff in which the defendant agreed to sell the property to the plaintiff, and that the listing agreement and the letter together form a sufficient written memorandum to take the transaction out of the statute of frauds.

■ It is true, and this court has held, that the provisions necessary in a formal contract need not be set forth in a memorandum agreement for sale of real property required by the statute of frauds, and that such memorandum need not be in one document. We have held that it is sufficient if several documents show the identity of the contracting parties, the subject matter, and the expressed consideration, and further disclose the terms and conditions upon which the contract was executed. Goetz v. Hubbell, 66 N.D. 491, 266 N.W. 836.

■ Therefore, if the letter written and signed by the defendant satisfies these requirements, it might be sufficient to take the transaction out of the statute. As we read the defendant's letter of March 11, 1963, which is the letter relied on by the plaintiff, it is a mere offer by the defendant to sell the land under definite terms and conditions stated therein. There never was any acceptance of these terms and conditions by the plaintiff. In fact, the plaintiff specifically testified that he had refused to agree to some of the conditions which the defendant had imposed, one of which was that the defendant could retain possession of the pasture lands until the fall of the year. So the letter in which the defendant offered to sell the land, on certain condi-

tions and on definite terms which were not all agreed to or accepted by the plaintiff, is not a sufficient writing to satisfy the statute of frauds. It was, at best, an offer to sell which never was accepted by the plaintiff.

 The plaintiff further contends that there was sufficient partial performance to take the transaction out of the statute of frauds. He points to the fact that the defendant requested the broker to get two checks from the plaintiff, one payable to the defendant for part of the down-payment and one payable to the broker for partial payment of his commission, which checks would close the deal. He further points to the fact that the checks were delivered to the broker as requested. These checks, however, were signed by the plaintiff and not by the defendant, who was the party to be charged. They therefore are not memoranda sufficient to satisfy the provisions of the statute of frauds. The check payable to the defendant, as the seller, never was accepted by him or cashed. Whether the cashing of the check, together with other proofs in this case, would have constituted sufficient partial performance to take the matter out of the statute need not be determined, for it was not, in fact, cashed. This court has held that partial payment of the purchase price is not, in itself, sufficient to take a contract for sale of realty out of the operation of the statute of frauds. Brey v. Tvedt, 74 N.D. 192, 21 N.W.2d 49.

The plaintiff also contends that he made an oral agreement with the defendant by which the plaintiff agreed to take the defendants' land as offered in the listing agreement, or for cash. He wrote a note to the broker, confirming this offer to buy, in which he stated:

> "As we talked may time [many times] I will take your offer to buy the Marten [sic] land for $42.00 for acre cash or on terms."

Again, this note is signed by the buyer and not by the seller, who is the one sought to be charged.

 Therefore, while the memorandum required by the statute of frauds need not be a complete contract in itself—and may consist of several documents, letters, or telegrams, provided such instruments show who the contracting parties are, intelligently identify the subject matter, express the consideration, and disclose the terms upon which the contract was executed, as was the case in Hoth v. Kahler (N.D.), 74 N.W. 2d 440—in this case all the evidence taken together is insufficient to establish a valid contract between the plaintiff as buyer and the defendant as seller which meets the requirements of the statute of frauds.

The judgment of the district court denying specific performance and dismissing the plaintiff's complaint is, therefore, affirmed.

BURKE, C. J., and ERICSTAD, TEIGEN and KNUDSON, JJ., concur.